UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

SHANTÉ C. DASH, )
)
    Plaintiff )
)
v. ) Case No.:
)
NCO FINANCIAL SYSTEMS, INC., ) COMPLAINT AND DEMAND FOR
) JURY TRIAL
    Defendant )
) (Unlawful Debt Collection Practices)

## COMPLAINT

SHANTÉ C. DASH ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Also, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12. The debt arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning in September 2011, and continuing through December 2011, Defendant continuously and repeatedly contacted Plaintiff on her work telephone seeking and demanding payment for an alleged debt owed to PECO.

14. Defendant contacted Plaintiff everyday, calling, on average, one (1) to two (2) times a day during the relevant period.

15. In those instances where Plaintiff did not answer the telephone, Defendant left voicemail messages on her work telephone seeking and demanding payment of the alleged debt.

16. Defendant's repetitive telephone calls and voicemail messages to Plaintiff at her place of employment, were annoying, embarrassing, and harassing, as Plaintiff was not allowed to receive personal debt collection calls to her place of employment.

17. Plaintiff disputes owing any debt to Defendant or PECO.

18. The alleged debt Defendant sought to collect from Plaintiff was for a utility bill, which Plaintiff paid in full several years ago.

19. Most recently, Defendant contacted Plaintiff on December 12, 2011, in its attempts to collect a debt.

20. Upon information and belief, Defendant contacted Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying this debt.

## CONSTRUCTION OF LAW

21. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

22. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be

construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

23. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u> The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

24. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated the FDCPA generally;

    b. Defendant violated §1692c(a)(1) of the FDCPA when it communicated with Plaintiff at a time or place that it knew or should have known was inconvenient;

    c. Defendant violated §1692d of the FDCPA when it harassed, oppressed or abused Plaintiff in connection with the collection of a debt;

    d. Defendant violated §1692d(5) of the FDCPA when it caused Plaintiff's phone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff;

    e. Defendant violated §1692e of the FDCPA when it used false, deceptive or misleading representations or means in connection with the collection of a debt; and

    f. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

WHEREFORE, Plaintiff, SHANTÉ C. DASH, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHANTÉ C. DASH, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

|   |   |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| Date: 1-17-12 | By: _____<br>CRAIG THOR KIMMEL<br>Attorney ID No. 57100<br>Kimmel & Silverman, P.C.<br>30 E. Butler Pike<br>Ambler, PA 19002<br>Phone: (215) 540-8888<br>Fax: (877) 788-2864<br>Email:    kimmel@creditlaw.com |

PLAINTIFF'S COMPLAINT